UNITED STATES of America,
Plaintiff–Appellee,

v.

**Amilcar YOVANI–CARRERA,**
Defendant–Appellant.

No. 15-11286
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Filed August 16, 2016

James Wesley Hendrix, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Jessica Graf, Christopher Allen Curtis, Federal Public Defender's Office, Fort Worth, TX, for Defendant–Appellant.

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM: *

Appealing the judgment in a criminal case, Amilcar Yovani-Carrera raises an argument that is foreclosed by *Almendarez-Torres v. United States,* 523 U.S. 224, 228, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that convictions used to enhance a sentence under 8 U.S.C. § 1326(b)(2) need not be set forth in the indictment. Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

Appealing the judgment in a criminal case, Timoteo Juan Flores raises an argument that is foreclosed by *United States v. Rodriguez,* 711 F.3d 541, 562–63 & n.28 (5th Cir. 2013) (en banc), in which we held that the generic, contemporary definition of sexual abuse of a minor does not require the age of consent to be below 17 years old and does not include an age-differential requirement. He also raises an argument that is foreclosed by *United States v. Elizondo–Hernandez,* 755 F.3d 779, 781–82 (5th Cir. 2014), which held that the Texas offense of indecency with a child by contact satisfied the generic definition of sexual abuse of a minor. Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

